EDWARD L. FINCH et al., as Trustees under a Deed of Trust, Made by ANNIE R. FINCH, Appellants, *v.* UNITY FEE COMPANY, INC., et al., Respondents, and CAGGLE REALTY CO., INC., et al., Appellants, Impleaded with Others.

*Real property — covenants — action to obtain declaratory judgment declaring rights of parties under restrictive covenant affecting part of plaintiff's premises.*

*Finch* v. *Unity Fee Co., Inc.,* 211 App. Div. 430, affirmed.

(Argued April 1, 1926; decided May 4, 1926.)

CROSS-APPEALS from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 21, 1925, modifying and affirming as modified a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term. This action was brought under the provisions of section 473 of the Civil Practice Act and rules 210–214 of the Rules of Civil Practice for a judgment declaring the rights of the various parties under a certain restrictive covenant affecting a portion of the plaintiffs' premises, which, it was claimed, had been abandoned, and which owing to change in the neighborhood was no longer needed. As alternative relief the plaintiffs asked that in the event the court should find that the covenant was still operative, then that there should be judgment holding the erection and maintenance of a building on an adjoining parcel to be in violation of the covenant, and that the building be ordered removed. The Appellate Division upheld the covenant and granting to plaintiffs the alternative relief asked directed the removal of the buildings from the parcel in question and enjoined the further maintenance of a building thereon.

*William D. Guthrie* and *George A. Lewis* for plaintiffs, appellants.

*Abraham P. Wilkes* and *Irving Katz* for defendants, appellants.

*Harold Swain, Arthur H. Indell* and *Frank M. Tichenor* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-
LIN, CRANE and LEHMAN, JJ.   Absent: ANDREWS, J.

---

AMIELIA RAROGIEWICZ, Respondent, *v.* THE BROTHER-
HOOD OF AMERICAN YEOMEN, Appellant.

*Insurance — evidence — physicians and surgeons — confidential com-
munications — action to recover on certificate of life insurance —
exclusion of certificate of attending physician submitted by plaintiff
as part of proof of death — exclusion of testimony of medical interne
and of record made by him upon admission of insured to hospital.*

*Rarogiewicz* v. *Brotherhood of American Yeomen,* 215 App. Div.
794, affirmed.

(Argued April 1, 1926; decided May 4, 1926.)

APPEAL, by permission, from a judgment of the Appel-
late Division of the Supreme Court in the fourth judicial
department, entered January 26, 1926, unanimously
affirming a judgment in favor of plaintiff entered upon
a verdict directed by the court.   The action was to
recover upon a certificate of benefit insurance upon the
life of plaintiff's husband.   The defense was that certain
statements in the application warranted by the applicant
to be true were in fact false.   The questions on appeal
were whether the exclusion of a certificate of the attending
physician of insured, submitted by plaintiff as part of
the proofs of death, and the exclusion of testimony of a
medical interne and of a record made by her upon the
reception of insured in the hospital where he died, con-
stituted reversible error.

*Frank Gibbons* for appellant.

*John V. Maloney* and *Robert J. Summers* for respondent.

Judgment affirmed, with costs.   Held, that the exclusion
of the certificate of Dr. DeGroat as an admission of plaintiff
was not prejudicial, and the exclusion of the evidence and
record of Miss Nelson was proper as it appears that she
was acting as the agent of the attending physician.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-
LIN, CRANE and LEHMAN, JJ.   Absent: ANDREWS, J.