James C. O’Brien, J.
Plaintiffs and defendants are the owners of adjoining parcels of land in the city of Rochester. Their predecessors in title received conveyances from a common grantor, and in said conveyances the westerly three and one-half feet of plaintiffs’ property and the easterly three and one-half feet of defendants ’ property were set aside as an easement for a seven-foot wide driveway, each owner having a dominant tenement as to the three and one-half feet of his neighbor’s property.
The plaintiffs commenced this action to cancel and declare invalid the defendants’ easement on plaintiffs’ land on the ground of abandonment. It appears from the testimony that there is a cherry tree on defendants’ property and within the easement area; also that a part of defendants’ house projects nine and one-half inches over that area; that there are a hedge and pieces of fencing near the dividing line of the properties in question, and that plaintiff Grandioso took title ignorant of such easement.
The testimony was to the effect that the easement area had never been used for a driveway nor had any driveway ever been constructed, although the easement was created in 1924, a period of approximately thirty-one years.
The law is well settled that the mere nonuse of an easement does not establish an abandonment or extinguishment thereof. (Carman v. Hewitt, 280 App. Div. 866, affd. 305 N. Y. 718.) For there to be an abandonment, nonuser must be coupled with affirmative acts indicating an unequivocal intention to go aban *398 don. (Gould v. Wilson, 115 N. Y. S. 2d 177; Finch v. Unity Fee Co., 211 App. Div. 430, affd. 242 N. Y. 589; Foote v. Metropolitan Elevated Ry. Co., 147 N. Y. 367.) In the case of Welsh v. Taylor (134 N. Y. 450), the easement area had been blocked by a building and fence for over fifty years, during which period there had been a nonuse. The court held that the mere nonuse was not sufficient to abandon the easement, and also as the adjoining property owner did not have knowledge of the erection of the building or fence, there were no acts evincing- an intention to abandon.
In the present case, the defendants purchased the property with the cherry tree and the house projection already existing. There was no evidence that the defendants, by any acts, evinced an intent to abandon the easement. In fact it appears that the defendants relied on the existence of the easement.
The plaintiffs cite the case of Norris v. Hoffman (133 App. Div. 596, affd. 197 N. Y. 578). In that case acts were committed which, together with a nonuse, clearly showed an intention to abandon. There the original buildings were demolished and an apartment house was erected on the land which was part of the easement area.
The plaintiffs also have alleged that the easement was abandoned or lost through adverse possession and rely on the case of Pirman v. Confer (273 N. Y. 357). In that case there was no claim to an easement by grant. Also there was an open, notorious, uninterrupted and undisputed use, which is not the case here. In the present case there was no evidence that the claim of plaintiffs was adverse, nor was it notorious nor undisputed. As a matter of fact it appears that this is the first time that the easement has been in dispute.
Judgment may enter dismissing the complaint. This is my decision made, signed and filed in accordance with section 440 of the Civil Practice Act.