■ GEORGE E. DE JONG, Appellant, v ABPHILL ASSOCIATES, Respondent.—In an action, *inter alia,* to enjoin the defendant from interfering with certain alleged easements of way providing access to his property and to recover damages therefor, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Buell, J.), dated February 15, 1984, which, after a nonjury trial, *inter alia,* (1) dismissed the complaint, (2) declared the easement recorded at page 352 of Liber 851 of Deeds in the Office of the Clerk of Rockland County to be abandoned and forever extinguished, (3) declared the easement recorded at page 459 of Liber 306 of Deeds in the Office of the Clerk of Rockland County to be limited to a right to lay pipes for water, sewage, gas and electricity, and (4) adjudged that the plaintiff, his heirs, successors and assigns have no claim to, right to travel over or use for the purpose of ingress or egress across designated portions of the defendant's land.

Judgment modified, on the law and the facts, by deleting the first, second, fourth and sixth decretal paragraphs thereof, and substituting therefor provisions declaring that the plaintiff has an easement of way across the land of the defendant as provided in an instrument recorded at page 352 of Liber 851 of Deeds in the Office of the Clerk of Rockland County, and that said easement of way has not been abandoned, and directing the defendant to remove all obstructions to the plaintiff's passage across the land burdened by said easement and providing that upon the defendant's failure to do so, the plaintiff may cause the same to be done at the expense of the defendant. As so modified, judgment affirmed, without costs or disbursements. The defendant's time to remove all obstruc-

tions to the plaintiff's right-of-way is extended until 60 days after the service upon it of a copy of the order to be made hereon, with notice of entry.

The lands of the plaintiff and the defendant together form a roughly rectangular tract which is longer from east to west than north to south. The plaintiff owns the westerly portion, and the defendant owns the easterly portion of the tract. An east-west street known as Sickles Avenue touches the defendant's property at the northeast corner of the tract. To the south of a portion of the plaintiff's parcel lies a street known as Cemetery Lane.

In 1968, the plaintiff's predecessor in title granted an easement of way for the passage of motor vehicles over a 20-foot wide strip running along the northerly portion of his property and connecting the property of the plaintiff's predecessors in title with Sickles Avenue. The instrument granting this easement was recorded at page 352 of Liber 851 of Deeds in the Office of the Clerk of Rockland County. So far as this record shows, the granted easement was never opened along its entire length for vehicular traffic.

In approximately 1973 the construction of an apartment building complex was completed on the servient estate and the right-of-way was obstructed by a 6- to 8-foot high concrete retaining wall built on a portion of the border between the two parcels on the tract.

The defendant acquired its parcel of the tract in 1974 and the plaintiff acquired his parcel in 1976. Thereafter, the plaintiff commenced this action, *inter alia,* to compel the defendant to remove the obstruction to the right-of-way.

Contrary to trial court's determination, the evidence does not support a finding that the easement was abandoned by the plaintiff or his predecessors. As stated by the Court of Appeals, in *Gerbig v Zumpano* (7 NY2d 327, 331): "It is clear that nonuser alone, no matter how long continued, can never in and of itself extinguish an easement created by grant *(Welsh* v. *Taylor,* 134 N. Y. 450; 3 Powell, Real Property, par. 423, p. 491; Walsh, The Law of Property [2d ed.], § 305). In order to prove an abandonment it is necessary to establish both an intention to abandon and also some overt act or failure to act which carries the implication that the owner neither claims nor retains any interest in the easement *(Loening* v. *Red Spring Land Co.,* 198 Misc. 151, affd. 277 App. Div. 1050, motions for reargument and for leave to appeal denied 277 App. Div. 1151, affd. 302 N. Y. 934). Furthermore, acts evinc-

ing an intention to abandon must be unequivocal. They must clearly demonstrate the permanent relinquishment of all right to the easement *(Welsh* v. *Taylor, supra).* 'The mere use of the easement for a purpose not authorized, the excessive use or misuse, or the temporary abandonment thereof, are not of themselves sufficient to constitute an abandonment.' *(Roby* v. *New York Cent. & H.R.R.R. Co.,* 142 N. Y. 176, 181.) In *Josh* v. *Nobile* (1 Misc. 2d 396) for example the court refused to find an abandonment although there was a long period of nonuse coupled with obstructions placed on the property".

The evidence of nonuse, coupled with the failure to act, on the part of the plaintiff and his predecessors, prior to the instant action, does not establish abandonment *(Castle Assoc. v Schwartz,* 63 AD2d 481). The construction of obstructions on the easement was merely "evidence of non-user and nothing more" *(Welsh v Taylor,* 134 NY 450, 459). Accordingly, the plaintiff is entitled to a declaration that he has an easement, as recorded at page 352 of Liber 851 of Deeds in the Office of the Clerk of Rockland County and that the easement has not been abandoned. The defendant is directed, at its own expense, to remove any obstructions to the plaintiff's access to the easement, and upon its failure to do so, the plaintiff may remove any obstructions, at the expense of the defendant.

We do, however, agree with the trial court that the language of a 1926 deed, as recorded at page 459 of Liber 306 of Deeds in the Office of the Clerk of Rockland County, by which the plaintiff claims a right of egress and ingress from his property across a portion of the defendant's property to Cemetery Lane, is limited to the right of the plaintiff "to lay pipes for water, sewage, gas and electricity".

We have examined the plaintiff's remaining contentions and find them to be without merit. Brown, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.