■ MICHAEL T. GRAZIANO et al., Respondent-Appellants, v STEVEN TURIANO et al., Appellants-Respondents, et al., Defen-

dant. [697 NYS2d 677] —In an action pursuant to RPAPL article 15 for a judgment declaring, *inter alia*, that the plaintiffs are the owners in fee simple of a parcel of real property, the defendants Steven Turiano and Kimberly Turiano appeal from so much of an order of the Supreme Court, Putnam County (Hickman, J.), dated February 9, 1998, as denied their cross motion, among other things, for summary judgment on their counterclaim, in effect, for a declaration that they have an implied easement on the subject property, and the plaintiffs cross-appeal from so much of the same order as denied those branches of their motion which were for summary judgment on the complaint against the defendants Steven Turiano and Kimberly Turiano, and leave to amend their complaint in order to add a necessary defendant.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied the cross motion, and substituting therefore a provision granting the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants, and the matter is remitted to the Supreme Court, Putnam County, for the entry of an appropriate declaratory judgment.

We agree with the finding of the Supreme Court that under the circumstances of this case, the defendants had an implied easement by grant on land owned by the plaintiffs in fee simple (*see, Borducci v City of Yonkers,* 144 AD2d 321; *Fischer v Liebman,* 137 AD2d 485). However, the determination of the Supreme Court that material issues of fact exist as to whether the defendants intentionally abandoned their easement solely through excessive use was clearly error. It is well settled that the mere use of the easement for a purpose not authorized, or the excessive use or misuse thereof, are not of themselves sufficient to constitute an abandonment (*see, Gerbig v Zumpano,* 7 NY2d 327; *De Jong v Abphill Assocs.,* 121 AD2d 678, 680). Accordingly, the defendants are entitled to summary judgment on the complaint, and a judgment declaring that the defendants have an implied easement on the subject property, directing the plaintiffs to remove all obstructions the plaintiffs have placed and installed on the subject property, and permanently enjoining the plaintiffs from placing or installing obstructions on the subject property and/or interfering with the defendants' use of the subject property.

The plaintiffs' contentions are without merit. S. Miller, J. P., Sullivan, Krausman and H. Miller, JJ., concur.