■ JOHN E. SIMONE et al., Respondents, v JAY J. HEIDELBERG et al., Appellants. [812 NYS2d 608]—

In an action, inter alia, for a judgment declaring the rights of the parties with respect to the use of an easement, the defendants appeal from (1) an order of the Supreme Court, Richmond County (Vitaliano, J.), dated December 20, 2004, which granted the plaintiffs' motion for summary judgment and

denied their cross motion for summary judgment, and (2) a judgment of the same court dated February 14, 2005, which, upon the order, inter alia, declared the easement extinguished.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the motion is denied, the cross motion is granted, it is declared that the subject easement is valid and enforceable by the defendants and those acting on their behalf, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The easement was extinguished by merger when the subject properties came under common ownership (*see Castle Assoc. v Schwartz,* 63 AD2d 481, 486 [1978]). The easement was recreated de novo when the properties were separately sold and the easement was clearly noted in each deed conveying the dominant estate (*see Seebaugh v Borruso,* 220 AD2d 573 [1995]), while the owners of the servient estate had actual knowledge of its existence (*cf. Witter v Taggart,* 78 NY2d 234, 239 [1991]; *Puchalski v Wedemeyer,* 185 AD2d 563, 566 [1992]).

Furthermore, the plaintiffs failed to demonstrate both an unequivocal intent to abandon the easement in addition to an overt act "which carries the implication that the owner neither claims nor retains any interest in the easement" (*De Jong v Abphill Assoc.,* 121 AD2d 678, 679 [1986]; *see Gerbig v Zumpano,* 7 NY2d 327, 331 [1960]).

In light of our determination, we need not reach the defendants' remaining contention. Crane, J.P., Santucci, Spolzino and Dillon, JJ., concur.