In the Matter of GERARD WUTTKE, Respondent, against CORNELIUS O'CONNOR as Manager of the Building Department of the Town of North Hempstead, Nassau County, Appellant.— Motion for leave to appeal to the Court of Appeals denied. Present — Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ. [See *ante*, p. 686.]

HELEN WEISFELD, Respondent, v. CITY OF NEW YORK, Appellant.— Motion for leave to appeal to the Appellate Division granted. Present — Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ.

JOHN ALBANESE et al., Appellants, v. VINCENZO DOMINIANNI et al., Respondents.— Plaintiffs are the owners of premises known as 1150 66th Street, Brooklyn, New York. Defendants are the owners of the adjoining premises, 1154 66th Street. By deed, dated April 11, 1927, defendants' predecessors in title granted to plaintiffs' predecessors in title an easement over the eight foot six inch strip of land adjoining plaintiffs' property immediately on the east, for purposes of a driveway for private automobiles, to be used for ingress and egress to and from 66th Street and the garage to be erected in the rear of 1150 66th Street. In this action to restrain defendants from maintaining an encroachment blocking the effective use of the easement granted by defendants' predecessors in title to plaintiffs' predecessors in title, plaintiffs appeal from a judgment dismissing their complaint on the ground that they had abandoned the easement. Judgment unanimously affirmed, with costs. Findings of fact numbered "7" and "9" modified by striking out the words "for more than twenty years". Conclusion of law numbered "3" struck out. In our opinion, the nonuser of the easement by plaintiffs and their predecessors in title for more than twenty years; the construction by plaintiffs' predecessors in title and the maintenance thereafter for more than twenty years by plaintiffs' predecessors and by plaintiffs, of a curbing, wooden fence, and garden, which prevented the use of the easement by plaintiffs; and the plaintiffs' acquiescence in defendants' construction and maintenance of a curbing, metal fence, and garden on defendants' property, were sufficient to constitute an abandonment by plaintiffs of their easement. (*Roby* v. *New York Central & H. R. R. R. Co.*, 142 N. Y. 176, 181; *Snell* v. *Levitt*, 110 N. Y. 595, 602; *Arena* v. *Prisco*, 81 N. Y. S. 2d 627.) In addition, the easement of access appears to have been granted for a garage to be erected in the rear of 1150 66th Street. There is no proof in this record that such a garage was ever constructed. On the contrary, it appears that plaintiffs seek to establish an easement for the purpose of access to a garage in the rear of 1148 66th Street. Present — Carswell, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ.