Burke, J.
The plaintiffs-respondents and the defendant-appellant are owners of residential property which abuts Heath Avenue in the Borough of The Bronx and is separated by a lot formerly called a “ lane ”, The action is brought to extinguish defendant’s claimed easement of ingress and egress over the lane, and for the removal of incumbrances erected by the defendant. A judgment in favor of the plaintiffs has been unanimously affirmed by the Appellate Division.
The properties now owned by defendant and plaintiffs were formerly a portion of an entire unit which was subdivided into numbered lots, together with vertical and horizontal “ lanes ” running north and south and east and west. A map of this subdivision was filed and the land was subsequently conveyed by reference to this map. The land in question (described as lot 166) is a segment of one of these “ lanes ” and separates the property now owned by the parties to this action. When originally subdivided this “ lane ” was the only possible avenue to a public street from the property presently owned by the defendant. In 1912 Heath Avenue, which borders on the property in question, was opened as a public highway thereby making unecessary the use of lot 166 as a means of ingress and egress to a public street. Prior to 1955, but subsequent to 1912, the defendant acquired the property via a deed which described the property by reference to the original map. By deed dated *330 December 28, 1955 the plaintiffs acquired title to tax lot 166 from New York City. The city had previously acquired the fee as the result of an in rem tax foreclosure proceeding (Dec. 3, 1953). Defendant has constructed a patio and built fences and enclosures on this land. When defendant failed upon demand to remove these incumbrances the plaintiffs brought this action.
The trial court, recognizing the appropriate circumstances, found that an implied easement by grant was in fact originally created in favor of the land now owned by the defendant. (See Matter of City of New York [Northern Blvd.], 258 N. Y. 136; Lord v. Atkins, 138 N. Y. 184; Fiebelkorn v. Rogacki, 280 App. Div. 20, affd. 305 N. Y. 725; Weil v. Atlantic Beach Holding Corp., 1 N Y 2d 20; Rose v. Indian Park Assn., 3 A D 2d 274; 3 Powell, Real Property, par. 409). However, while aware of the legal distinction, the court equated this easement by grant with an easement by necessity, and held that: “ [L]and titles should not be subject to implied, as distinguished from express, encumbrances unless such burdens are reasonably necessary for the enjoyment and use of neighboring properties * * * Since the easement was implied so that purchasers of interior lots may have access to and from their land, the implication ceases where a public highway has been built affording both parties free and untrammeled approach to and from that highway.”
We reach a different conclusion. It is the law of this State that an easement created by grant, express or implied, can only be extinguished by abandonment, conveyance, condemnation, or adverse possession. (See, e.g., Holloway v. Southmayd, 139 N. Y. 390, 402; Johnson & Co. v. Cox, 196 N. Y. 110, 121; Fiebelkorn v. Rogacki, supra, pp. 21-22).
The mere fact that this easement might originally have been created out of necessity does not alter the means by which it was created, i.e., by grant, and as such it remains as inviolate as the fee favored by the grant, unless, of course, conveyed, abandoned, condemned or lost through prescription.
The plaintiffs raise, for the first time on this appeal, an issue (i.e., abandonment) which may possibly have some merit. Although the record presented does indicate a long period of nonuse together with acts which may or may not imply an abandonment, it is not sufficiently clear for us to rule as a *331 matter of law. It is clear that nonuser alone, no matter how long continued, can never in and of itself extinguish an easement created by grant (Welsh v. Taylor, 134 N. Y. 450; 3 Powell, Real Property, par. 423, p. 491; Walsh, The Law of Property [2d ed.], § 305). In order to prove an abandonment it is necessary to establish both an intention to abandon and also some overt act or failure to act which carries the implication that the owner neither claims nor retains any interest in the easement (Loening v. Red Spring Land Co., 198 Misc. 151, affd. 277 App. Div. 1050, motions for reargument and for leave to appeal denied 277 App. Div. 1151, affd. 302 N. Y. 934). Furthermore, acts evincing an intention to abandon must be unequivocal. They must clearly demonstrate the permanent relinquishment of all right to the easement (Welsh v. Taylor, supra). “ The mere use of the easement for a purpose not authorized, the excessive use or misuse, or the temporary abandonment thereof, are not of themselves sufficient to constitute an abandonment.” (Roby v. New York Cent. & H. R. R. R. Co., 142 N. Y. 176, 181.) In Josh v. Nobile (1 Misc 2d 396) for example the court refused to find an abandonment although there was a long period of nonuse coupled with obstructions placed on the property.
In this case the encroachments may either be found to show a present intention not to use the easements so as to unequivocally demonstrate an abandonment or a deferred use which would be consistent with a reliance upon the continued existence of a property right of way.
Since there are no findings before us on this issue in the courts below, and since the stipulated facts are insufficient to allow us to find them as a basis of abandonment as a matter of law, the judgment should be reversed and a new trial granted.
Accordingly, the judgment below should be reversed and a new trial granted, with costs to abide the event.
Chief Judge Desmond and Judges Dye, Fuld, Froessel, Van Voorhis and Foster concur.
Judgment reversed, etc.