**PENN CENTRAL TRANSPORTATION COMPANY, Debtor, Plaintiff-Appellant,**

v.

**PIRATE CANOE CLUB, INC., Defendant-Appellee.**

No. 745, Docket 72-1022.

United States Court of Appeals, Second Circuit.

Argued May 22, 1972.

Decided June 14, 1972.

William P. Jones, New York City, for plaintiff-appellant.

Robert E. Ferguson, Poughkeepsie, N. Y. (Van De Water & Van De Water, Poughkeepsie, N. Y., on the brief), for defendant-appellee.

Before FEINBERG, MULLIGAN and TIMBERS, Circuit Judges.

FEINBERG, Circuit Judge:

In July 1970 Penn Central Transportation Company (the Railroad) brought this diversity action seeking declaratory and injunctive relief against threatened use of a purported easement across the Railroad's tracks on the east bank of the Hudson River, approximately two and one-half miles south of Poughkeepsie, New York. At that site, the defendant Pirate Canoe Club, Inc. intends to build a clubhouse for its members on waterfront property on the west side of the tracks, and claims the right to an easement across the tracks to its property on the other side. In October 1970, the United States District Court for the

Southern District of New York, Sylvester J. Ryan, J., granted the Railroad's motion for a preliminary injunction, but about one year later, on a fuller record and on cross motions for summary judgment, Judge Irving Ben Cooper of that court held in favor of the Canoe Club. We affirm.

In 1848, John and Isabella Montgomery conveyed a strip of land to the Hudson River Railroad Company, appellant's predecessor. The Montgomery deed contained the following reserved easement:

> And also reserving to the said parties of the first part, their heirs and assigns forever, the right at all times, to pass and repass, cross and recross, the said strip of land in such manner and at such time as they may see fit, for the purpose of the full enjoyment of their property on both sides of said railroad at some convenient place or places, doing no injury or damage to said railroad or its appendage and not obstructing its use by said company.

■ From that time until September 1968, the Montgomerys and their successors in title, including Annette Innis Young, continued to own land "on both sides of said railroad." Then, on September 3, 1968, Annette Young conveyed all the land on the west side of the tracks—the waterfront land—to the Canoe Club (approximately 2.5 acres). In the 1968 deed the Canoe Club acknowledged that

> it is aware that the parcel of land described herein is landlocked and that by reason of this deed the grantee does not acquire any right of way over or through other lands owned by the grantor, either by necessity or in any other way for ingress or egress to the lands described herein, and that the only ingress and egress is by means of waters of the Hudson River.

Apparently, the Canoe Club was hoping to secure a land access route by means of an existing road and underpass. By doing so, the Club would not have been required to purchase additional land from Annette Young. In any event, the Railroad did not dispute before Judge Cooper that at the time of the September 1968 conveyance Annette Young wanted to preserve and hold onto her easement so that she could sell it, with additional land on the east side of the tracks, to the Canoe Club. In fact, nine months later, in June 1969, after the Canoe Club had been unable to obtain other access to its "landlocked" parcel, Annette Young did convey to the Club an additional acre on the east side of the tracks as well as her easement to "cross and recross" those tracks.[1] It is this purported transfer of the easement that the Railroad contests. The Railroad emphasizes that as of the September 1968 conveyance, Annette Young no longer owned property "on both sides" of the tracks so that the easement to "cross and recross" was no longer necessary for her "full enjoyment" of the property. The Railroad argues that the easement was thus extinguished, either because it was intentionally terminated, its purpose ended, or because it was abandoned. Accordingly, no easement could subsequently have been transferred to the Canoe Club. Although there is superficial appeal to this argument, we do not believe that it is supported by the law of New York, which is applicable in this diversity case.

■ New York law does not favor forfeiture of easements of the type involved here. In particular, under New York common law: "In order to prove an abandonment it is necessary to establish both an intention to abandon and also some overt act or failure to act which carries the implication that the owner neither claims nor retains any interest in the easement [Citations omitted]. Furthermore, acts evincing an intention to abandon must be unequivocal. They must clearly demonstrate the per-

---

1. Additional land on the east side of the tracks was conveyed by Annette Young to the Canoe Club in August 1969 and February 1970.

manent relinquishment of all right to the easement. . . . " Gerbig v. Zumpano, 7 N.Y.2d 327, 197 N.Y.S.2d 161, 164, 165 N.E.2d 178, 181 (1960); see Foote v. Metropolitan Elevated Ry., 147 N.Y. 367, 42 N.E. 181 (1895). In the context of this state policy, we believe that it would be improper to wrench the September 1968 conveyance from the several transactions between these parties and determine its legal effect in a vacuum. That initial conveyance and the June 1969 conveyance were clearly linked by Annette Young's intent to retain her easement and to transfer it with additional land to the Canoe Club should the Club be unable to obtain access through other means. Accordingly, we cannot say that the initial conveyance represented an unequivocal act by Annette Young to permanently terminate or abandon her easement. Similarly, the series of transactions between these parties has left the specified purpose of the easement fully accomplishable, since the land on "both sides" of the tracks is still owned by one party (the Canoe Club), which needs the easement for "full enjoyment" of its property. We have examined the various cases cited to us by appellant but find them all either distinguishable or inapplicable because they are from jurisdictions other than New York.[2]

In sum, we hold that Annette Young's easement to "cross and recross" the Railroad's land was effectively conveyed to the Canoe Club. In reaching this conclusion, we have found it unnecessary to construe New York Laws of 1846, Chapter 216, Section 16, which the Canoe Club claims independently obligates the Railroad to furnish and maintain an appropriate crossing of its tracks for access to the Canoe Club's waterfront property.

Judgment affirmed.

2. See, e. g., Holden v. Palitz, 2 Misc.2d 433, 154 N.Y.S.2d 302 (Sup.Ct.1956) (easement created by way of implied covenant or estoppel held extinguished since "never again can there be use of the subject lots for a right of way as intended"); Albanese v. Dominianni, 281 App.Div. 768, 118 N.Y.S.2d 347 (1953) (easement extinguished by maintenance for 20 years of a curbing, wooden fence and garden—all of which prevented use of easement).