■ ALICE KOSHIAN, Appellant, v HENRY KIRCHNER, as Power of Attorney for MARGUERITE KIRCHNER, et al., Respondents.—Judgment unanimously affirmed without costs. Memorandum: Viewing the proof in a light most favorable to sustain the judgment, we determine that there is credible proof in the record to sustain the findings and conclusions of the trial court *(see, McCall v Town of Middlebury,* 52 AD2d 736). A party relying upon another's abandonment of an easement by grant must produce " 'clear and convincing proof of an intention to abandon it' " *(Consolidated Rail Corp. v MASP Equip. Corp.,* 67 NY2d 35, 39-40, quoting *Hennessy v Murdock,* 137 NY 317, 326; *Castle Assocs. v Schwartz,* 63 AD2d 481, 487). Abandonment does not result from nonuse

alone, regardless of the length of the nonuse *(Consolidated Rail Corp. v MASP Equip. Corp., supra,* at 39; *Gerbig v Zumpano,* 7 NY2d 327, 331; *Welsh v Taylor,* 134 NY 450, 457). Rather, the acts relied upon to prove abandonment must be unequivocal and must clearly demonstrate the owner's intention to relinquish all rights to the easement permanently *(Consolidated Rail Corp. v MASP Equip. Corp., supra,* at 40; *see also, Gerbig v Zumpano, supra,* at 331). Applying these principles here, we conclude that plaintiff failed to adduce clear and convincing proof that defendant Kirchner intended to abandon the easement.

We also find no error in the trial court's refusal to consider the doctrine of merger since plaintiff concededly failed to advance this theory in her complaint. Moreover, even if the trial court had considered the doctrine of merger, it would not have extinguished the easement because the dominant and servient tenements never came into ownership of the same person. An easement is "not extinguished under the doctrine of merger by the acquisition by the owner of the dominant or servient estate of title to only a fractional part of the other estate" (28 CJS, Easements, § 57 [b]; *cf., Castle Assocs. v Schwartz,* 63 AD2d 481, 486, *supra).* Since Kirchner owned only a fractional interest in the servient estate, there was no unity of title.

Finally, we reject plaintiff's contention that the easement was extinguished by the failure of Kirchner to pay an equal share of expenses incurred to maintain the easement. The language of the lease covenant did not impose a condition subsequent but rather a collateral condition *(see,* 49 NY Jur 2d, Easements, § 178). As such the continued validity of the easement was not conditioned upon the payment of expenses. (Appeal from judgment of Supreme Court, Niagara County, Cook, J.—terminate easement.) Present—Denman, J. P., Boomer, Green, Lawton and Davis, JJ.