■ ALICE M. CHAPMAN, Appellant, v WALTER VONDORPP et al., Respondents. [681 NYS2d 320] —In an action, *inter alia*, for a judgment declaring that the plaintiff was the owner of an easement located on the defendants' property, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated August 26, 1997, as (1) granted the defendants' motion for a preliminary injunction restraining her from making any permanent alterations to the easement and (2) denied her cross motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 1926, one of the plaintiff's predecessors in title was granted the right to "pass and repass" over a 16-foot-wide right-of-way on land now owned by the defendants. The right-of-way connected the plaintiff's property to a town highway. The plaintiff purchased the property in 1991, and, in 1995, she began to clear trees from the easement in order to construct a driveway. The defendants blocked the easement, and this litigation ensued.

We disagree with the Supreme Court insofar as it determined that there was an issue of fact as to whether the easement was limited to pedestrian use. The unrestricted grant of a right-of-way for ingress and egress includes those rights which are necessary and convenient for that purpose (*see, Ledley v D.J. & N.A. Mgt.,* 228 AD2d 482; *Mandia v King Lbr. & Plywood Co.,* 179 AD2d 150). Since the subject grant was couched in general language and did not include any restriction as to the mode of travel, use of the right-of-way was not limited to pedestrian traffic (*see, Arnold v Fee,* 148 NY 214; *953 Realty Corp. v Southern Blvd. Realty Corp.,* 50 AD2d 731).

We conclude, however, that there is an issue of fact as to whether the plaintiff's predecessors abandoned the easement

(*see, Gerbig v Zumpano,* 7 NY2d 327). There is no dispute that the trees removed by the plaintiff were at least 30 years old and that her predecessors permitted the right-of-way to become virtually impassable for vehicles. Although nonuse of an easement, standing alone, is insufficient to establish abandonment (*see, Consolidated Rail Corp. v MASP Equip. Corp.,* 67 NY2d 35; *Tauber v Spring Val. Water Co.,* 226 AD2d 523), there are conflicting allegations in the record as to whether the plaintiff's predecessors had ingress and egress to the property from another road. The use of an alternate route of access while permitting the unimpeded growth of trees to obstruct the right-of-way for several decades may be indicative of an intent to abandon the easement (*see, e.g., DeCesare v Feldmeier,* 184 AD2d 220). The Supreme Court noted that it was not provided with any map or photographs of the subject properties, which would be necessary to resolve the conflicting allegations. Accordingly, while the defendants' burden to show abandonment of an easement by grant is a heavy one (*see, e.g., Gerbig v Zumpano,* 7 NY2d 327, 331, *supra*), the Supreme Court did not err in denying the plaintiff summary judgment on the issue of abandonment and in granting a preliminary injunction to preserve the status quo. O'Brien, J. P., Sullivan, Krausman and Florio, JJ., concur.