■ ARTHUR J. QUESNEL FAMILY TRUST, Appellant-Respondent, v STEPHEN W. HARSTEDT, JR., et al., Respondents-Appellants. [727 NYS2d 200] —Mercure, J. P. Cross appeals from an order of the Supreme Court (Dawson, J.), entered April 5, 2000 in Clinton County, which, *inter alia*, denied the parties' motions for summary judgment.

The parties to this RPAPL article 15 action own adjoining parcels of property, each of which was encumbered by a 6½-foot wide easement that ran east-west along their common boundary line, providing a 13-foot wide common right-of-way. The right-of-way was created in 1905 by a deed which conveyed a parcel that is now included in plaintiff's property. The grantor retained the land to the north and west of the conveyed parcel, and the right-of-way benefitted both the conveyed parcel and the retained land. The grantor and his family apparently used at least a portion of the retained land in a farming operation for many years. The parcel north of the right-of-way was conveyed to defendants' predecessors in title in 1989. The issue raised by these cross appeals from Supreme Court's denial of

the parties' motions for summary judgment[1] is whether either party is entitled to judgment as a matter of law on plaintiff's claim that the easement burdening its property was abandoned.

Created by grant, the easement burdening plaintiff's land "would continue to pass with the dominant estate unless it was extinguished by abandonment, conveyance, condemnation or adverse possession" (*Will v Gates*, 89 NY2d 778, 784). "A party relying upon another's abandonment of an easement by grant must produce 'clear and convincing proof of an intention to abandon it' " (*Consolidated Rail Corp. v MASP Equip. Corp.*, 67 NY2d 35, 39-40, quoting *Hennessy v Murdock*,137 NY 317, 326). Plaintiff relies on evidence that although the creator of the right-of-way and his family owned the larger estate which included what is now defendants' parcel for decades, they never developed or used the right-of-way for access.[2] Plaintiff also relies on evidence that the right-of-way was obstructed for many years by a fenced cow path and by cedar trees which were allowed to grow unimpeded and that the property now owned by defendants has frontage on a public road from which the property was accessed without resort to the right-of-way. Relying upon the principle that an easement created by grant "is not extinguished merely because the necessity ceases" (*Selvaggi v Skvorecz*, 256 AD2d 324, 325), defendants contend that the evidence of other access is irrelevant and that the remaining evidence demonstrates nonuser· which "alone, no matter how long continued, can never in and of itself extinguish an easement created by grant" (*Gerbig v Zumpano*, 7 NY2d 327, 331).

We agree with Supreme Court that a question of fact was raised by the parties' submissions. "The use of an alternate route of access while permitting the unimpeded growth of trees to obstruct the right-of-way for several decades may be indicative of an intent to abandon the easement [citation omitted]" (*Chapman v Vondorpp*, 256 AD2d 297, 298). In *Gerbig v Zumpano* (*supra*), a case in which certain easements were no longer needed for access, there had been a lengthy period of nonuser and there were encroachments on the easements, the Court of Appeals concluded that the abandonment issue could

---

1. Defendant originally moved to dismiss the complaint and Supreme Court converted the motion to one for summary judgment.

2. In or about 1982, one of plaintiff's predecessors in title cleared some trees and constructed a paved driveway in the vicinity of a portion of the right-of-way. Plaintiff contends that all but a small area of the driveway is on its side of the boundary line and that the abandonment had already occurred when the driveway was constructed. Defendants contend that the driveway coincides with the right-of-way.

not be decided as a matter of law and explained that "the encroachments may either be found to show a present intention not to use the easements so as to unequivocally demonstrate an abandonment or a deferred use which would be consistent with a reliance upon the continued existence of a property right of way" (*id.*, at 331). We conclude that although none of the facts in this case—use of alternate access, lengthy nonuser, and large trees and a fence encroaching on the easement for decades—may be sufficient alone to demonstrate abandonment, together they are sufficient to raise the same factual issue regarding intent found to require a trial in *Gerbig*. Accordingly, neither party was entitled to summary judgment.

Peters, Spain and Rose, JJ., concur. Ordered that the order is affirmed, without costs.