*see also Strickland v Washington*, 466 US 668). Contrary to defendant's argument on appeal, trial counsel made objections where appropriate, and generally obtained suitable curative relief from the court. Defendant was not prejudiced by his attorney's not objecting to testimony that was clearly admissible.

The Assistant District Attorney's excesses in cross-examination of defendant's witnesses do not rise to the level requiring reversal. Concur—Williams, P.J., Mazzarelli, Sullivan, Rosenberger and Gonzalez, JJ.

■ In the Matter of WILLIAM A. PRICE et al., Appellants, v CITY OF NEW YORK et al., Respondents. [747 NYS2d 378] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered March 8, 2002, which, in a proceeding pursuant to CPLR article 78, denied petitioners' motion to preliminarily enjoin respondents from evicting them, unanimously affirmed, without costs. Sua sponte leave to appeal to this Court from the aforesaid order granted.

Although a final judgment of possession has been duly entered in the landlords' favor and against petitioners and, pursuant to such judgment, a notice of eviction has issued, petitioners maintain that they are nonetheless entitled to remain in the subject apartment since the Tenants' Association, as manager of the subject premises pursuant to a tenant interim lease agreement with respondent City, has created a new tenancy in the apartment in their favor. The record, however, fails to substantiate petitioners' claim that they have been duly selected as the successor tenants of the subject premises and that respondent City's eviction of them would therefore be arbitrary, capricious and in excess of its jurisdiction. Indeed, it would appear that petitioners' purported selection to tenant the apartment in question was made in violation of numerous provisions of the Tenants' Association bylaws and is thus powerless to shield them from eviction. Accordingly, since petitioners have failed to demonstrate, inter alia, any likelihood of ultimately succeeding upon the merits, their motion for preliminary injunctive relief was properly denied (*see Doe v Axelrod*, 73 NY2d 748, 750). Concur—Williams, P.J., Mazzarelli, Sullivan, Rosenberger and Gonzalez, JJ.

■ 450 WEST 14TH ST. CORP., Respondent, v 40-56 TENTH AVENUE LLC et al., Appellants. [747 NYS2d 506] —Order, Supreme Court, New York County (Edward Lehner, J.), entered March 14, 2002, which, to the extent appealed from as limited by the brief, upon renewal, granted that branch of

plaintiff's cross motion for summary judgment on the first cause of action in the amended verified complaint to the extent that it declared a certain easement, granted to defendant 40-56 Tenth Avenue LLC pursuant to an easement agreement, terminated, unanimously reversed, on the law, without costs, plaintiff's motion for summary judgment of the first cause of action denied and defendants awarded judgment declaring that their rights under the easement agreement remain unaffected.

Defendant 40-56 Tenth Avenue LLC (Tenth Avenue) owns certain real property adjoining real estate owned by plaintiff 450 West 14th St. Corp. Pursuant to a 1962 easement agreement and subsequent modification, plaintiff's predecessor conveyed to Tenth Avenue's predecessor an easement over a certain portion of plaintiff's property known as the De Lamater Square premises. The original agreement provides in relevant part that the easement is "for so long as the business of dealing in meats, meat products or other food products is carried on * * *."

Because a fire has extensively damaged the De Lamater Square premises, plaintiff contends the easement is terminated. However, we conclude that it is not clear at this juncture that the qualifying conditions for granting and continuing that easement have ceased. Notably, before the fire, Tenth Avenue was actively seeking a meat-packing tenant. Furthermore, while the fire may have caused the premises substantial damage, there is no evidence that Tenth Avenue has abandoned the property. Moreover, the condition written into the easement, which limits the premises' use, allows Tenth Avenue to rent the space to any business engaged in "food products." Absent "clear and convincing" proof (*Hennessy v Murdock*, 137 NY 317, 326) that Tenth Avenue intended to "permanently relinquish all rights," the easement retains its legal life (*see Consolidated Rail Corp. v MASP Equip. Corp.*, 67 NY2d 35, 40). Accordingly, summary judgment on the first cause of action should have been granted in defendants' favor. Concur—Nardelli, J.P., Mazzarelli, Buckley, Sullivan and Marlow, JJ. [*See* 187 Misc 2d 735.]