■ Nancy E. Gold, Appellant, v Patrick A. Di Cerbo, Respondent. [837 NYS2d 787]—

Carpinello, J. Appeal from an order and judgment of the Supreme Court (Aulisi, J.), entered April 28, 2006 in Schenectady County, upon a dismissal of the complaint at the close of plaintiff's case.

At issue is an easement running across plaintiff's property connecting defendant's property with Route 7 in the Town of Niskayuna, Schenectady County. The easement, created in 1911, consists of a gravel road and a bridge.[1] When plaintiff and her late husband acquired their property in 1981, they knew that their deed excepted this easement but nevertheless believed that it had been abandoned. In 1998, defendant acquired his property from Carol Majkut and approximately four years later, after obtaining all necessary permits, rebuilt the bridge along the easement and upgraded the road itself.

Well over a year after defendant completed this project, plaintiff commenced this action alleging that the easement had been extinguished by abandonment and/or adverse possession. She sought removal of the new bridge and repair to her property caused by its construction. The matter eventually proceeded to trial. At the conclusion of plaintiff's case, defendant was granted a directed verdict and the complaint was dismissed in its entirety. This appeal ensued.

We begin by noting that a directed verdict is appropriate when, "upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). Moreover, "the moving party has the burden of showing that, upon viewing the evidence in the light most favorable to the [nonmoving party] and affording the [nonmoving party] the benefit of every inference which may properly be drawn from the facts, the [nonmoving party] has not made

---

1. The bridge fell into disrepair in the late 1980s and was ultimately dismantled in 1996 or 1997 by defendant's immediate predecessor in interest, Carol Majkut.

out a prima facie case" (*Holy Temple First Church of God in Christ v City of Hudson*, 17 AD3d 947, 947 [2005]; *accord Ciocca v Park*, 21 AD3d 671, 672 [2005], *affd* 5 NY3d 835 [2005]). Applying these principles to the instant case, we are satisfied that a directed verdict was properly awarded to defendant.

It has long been recognized that an easement created by grant, such as the easement at issue here, may be extinguished by abandonment or adverse possession (*see Gerbig v Zumpano*, 7 NY2d 327, 330 [1960]). In order to prevail on her claim of extinguishment by abandonment, plaintiff was required to establish by clear and convincing evidence "both an intention to abandon [by Majkut] and also some overt act or failure to act which carries the implication that [Majkut] neither claims nor retains any interest in the easement" (*id.* at 331; *see Consolidated Rail Corp. v MASP Equip. Corp.*, 67 NY2d 35, 39 [1986]; *Navin v Mosquera*, 26 AD3d 556, 557 [2006]; *B.J. 96 Corp. v Mester*, 222 AD2d 798, 800 [1995]). The nonuse of an easement, even of substantial duration, will not establish a claim for abandonment (*see Gerbig v Zumpano, supra* at 331) and "acts evincing an intention to abandon must be unequivocal" (*id.*; *B.J. 96 Corp. v Mester, supra*).

Here, viewing the evidence in the light most favorable to plaintiff and affording her the benefit of every inference, she failed to make a prima facie showing of an intent to abandon by Majkut. In so finding, we are compelled to point out that plaintiff's proof in the case included the testimony of Majkut herself. According to Majkut, after purchasing her property in 1978, the subject easement was her only access to a public road. By the time the subject bridge fell into disrepair in the early 1980s, however, she had access to another public road via another bridge (also in disrepair) and opted to fix this second bridge because it was less expensive to do so.

Furthermore, according to Majkut, even after the bridge along her easement was no longer passable for vehicle and pedestrian traffic, she and her family continued to use the easement to gain access to Route 7 by foot. Furthermore, and most notably, Majkut unequivocally testified that she never renounced or gave up her right to use the easement. In the face of this unrefuted testimony by plaintiff's own witness, plaintiff failed to present a prima facie case of abandonment such that Supreme Court properly granted defendant a directed verdict on this issue.

Plaintiff's attempt to discredit her own witness in an effort to revive the abandonment claim is unpersuasive.[2]

Next, in order to extinguish an easement by adverse possession, a party is required to "establish that the use of the easement has been adverse to the owner of the easement, under a claim of right, open and notorious, exclusive and continuous for a period of 10 years" (*Spiegel v Ferraro*, 73 NY2d 622, 625 [1989]). Thus, "an easement may be lost by adverse possession if the owner or possessor of the servient estate claims to own it free from the private right of another, and excludes the owner of the easement, who acquiesces in the exclusion for [the prescriptive period]" (*id.* at 626 [internal quotation marks and citation omitted]). Here, again viewing the evidence in the light most favorable to plaintiff and affording her the benefit of every inference, she failed to establish extinguishment of the easement by adverse possession.

While plaintiff and her family used the easement to hike, take nature walks and cross-country ski, and while they also planted and mowed near it, such uses were not inconsistent with the easement itself or adverse to Majkut (defendant's predecessor in interest during the relevant 10-year time period). In other words, these uses did not constitute a use of the easement to the exclusion of all others nor did they in any way interfere with Majkut's use and enjoyment of the easement. Moreover, plaintiff did not submit proof that she installed some type of physical barrier or obstruction to prevent others, particularly Majkut, from using the easement during the entire prescriptive period (*compare id.*; *McGinley v Postel*, 37 AD3d 783, 784 [2007]; *Zeledon v MacGillivray*, 263 AD2d 904, 905 [1999]; *see generally Filby v Brooks*, 66 NY2d 640, 641 [1985]; *Welsh v Taylor*, 134 NY 450, 458 [1892]). Thus, plaintiff failed to present prima facie proof that she effectively interfered with the use and enjoyment of the easement by Majkut such that a directed verdict was properly granted to defendant on this issue as well. Additionally, fully crediting plaintiff's proof, it does not establish that she usually cultivated or improved the easement (*see Winchell v Caron*, 260 AD2d 888, 889 [1999]).

Crew III, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the order and judgment is affirmed, without costs.

---

**2.** Additionally, fully crediting plaintiff's proof, the acts relied upon as evidence of an intent to abandon, such as Majkut's decisions to relocate her mailbox and to dismantle the bridge in the 1990s, were not "unequivocal [acts] . . . clearly demonstrat[ing] the permanent relinquishment of all right to the easement" (*Gerbig v Zumpano, supra* at 331; *see Navin v Mosquera, supra*; *Clausi v Meddaugh*, 121 AD2d 841 [1986]).