■ Lori Janoff et al., Appellants, v Mae Disick, Respondent. [888 NYS2d 113]—

In an action, inter alia, to compel the determination of claims to real property pursuant to RPAPL article 15, the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated July 2, 2008, as granted those branches of the defendants' motion which were for summary judgment dismissing the second cause of action alleging adverse possession and the third cause of action alleging abandonment, and denied those branches of their cross motion which were for summary judgment on those causes of action, and (2) from an order of the same court dated October 7, 2008, which denied that branch of their cross motion which was for summary judgment on the first cause of action, among other things, for a judgment declaring, in effect, that the withholding of their consent to the erection of a split-rail fence in the location proposed by the defendants is not unreasonable, and, upon searching the record, awarded summary judgment to the defendants, in effect, declaring that the plaintiffs' withholding of their consent is unreasonable.

Ordered that the order dated July 2, 2008, is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the second cause of action alleging adverse possession and substituting therefor a provision denying that branch of the motion; as so modified, the order dated July 2, 2008, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated October 7, 2008, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings on the second cause of action and, if warranted, the entry of a judgment in accordance herewith declaring that the plaintiffs' withholding of their consent to the erection of a split-rail fence in the location proposed by the defendants is unreasonable.

Since 1992, the plaintiffs, Lori Janoff and Peter Janoff (here-

inafter the Janoffs), have owned residential property in Mamaroneck, abutting residential property owned by the defendant Mae Disick. Pursuant to a 1991 agreement (hereinafter the agreement), the Janoffs' predecessor-in-interest granted, to Disick and Disick's now-deceased husband (hereinafter together the Disicks), the right to the exclusive use and possession of a portion (hereinafter the grant area) of what is now the Janoffs' real property. The agreement, which was recorded in the Office of the County Clerk, Westchester County, in 1991, also authorized the Disicks to erect a split-rail fence less than four feet high in the grant area, provided that the Disicks first obtained the permission of Janoffs' predecessor-in-interest, which permission could not be unreasonably withheld.

Disick notified the Janoffs in August 2007 that she intended to erect a split-rail fence in the grant area, and the Janoffs commenced the instant action alleging, in part, that the proposed location of the fence was unreasonable and that, therefore, under the agreement, they could withhold their consent to its erection. They further alleged that Disick's interest in a portion of the grant area (hereinafter the disputed portion) was extinguished by abandonment or, alternatively, by adverse possession. Disick moved for summary judgment dismissing the abandonment and adverse possession causes of action, and the Janoffs cross-moved for summary judgment on those causes of action, as well as on the cause of action for a judgment declaring that the withholding of their consent to the erection of the proposed fence is reasonable. In an order dated July 2, 2008, the Supreme Court granted Disick's motion for summary judgment and denied the Janoffs' cross motion for summary judgment as to the abandonment and adverse possession causes of action, and directed the parties to submit further evidence with respect to the cause of action regarding the reasonableness of the Janoffs' withholding of their consent to the erection of the fence. After further submissions, the Supreme Court, in an order dated October 7, 2008, denied that branch of the Janoffs' cross motion which was for summary judgment declaring that the withholding of their consent is reasonable and, upon searching the record, awarded summary judgment to Disick, in effect, declaring that the Janoffs' withholding of their consent is unreasonable. The Janoffs appeal from both orders.

The 1991 agreement created an easement appurtenant in the grant area of the Janoffs' property benefiting Disick's property (*see Corrarino v Byrnes,* 43 AD3d 421, 423 [2007]; *Strnad v Brudnicki,* 200 AD2d 735, 736 [1994]). An easement created by grant may be lost by abandonment (*see Consolidated Rail Corp.*

*v MASP Equip. Corp.,* 67 NY2d 35, 39 [1986]), but abandonment does not result from nonuse alone, no matter how long, inasmuch as owners are not required to make use of their property (*id.*; *see Koshian v Kirchner,* 139 AD2d 942, 942-943 [1988]; *cf. Navin v Mosquera,* 26 AD3d 556, 557 [2006]). Instead, abandonment occurs through the holder's nonuse, combined with the holder's intention to abandon. Moreover, the party asserting abandonment must demonstrate such intention by clear and convincing evidence (*see Consolidated Rail Corp. v MASP Equip. Corp.,* 67 NY2d at 39-40; *450 W. 14th St. Corp. v 40-56 Tenth Ave.,* 298 AD2d 113, 114 [2002]). "The acts relied upon must be unequivocal, and must clearly demonstrate the owner's intention to permanently relinquish all rights to the easement" (*Consolidated Rail Corp. v MASP Equip. Corp.,* 67 NY2d at 40; *see Gerbig v Zumpano,* 7 NY2d 327, 331 [1960]). Here, inasmuch as the record contains no evidence that Disick intended to abandon the easement, the Supreme Court properly awarded summary judgment to her dismissing the abandonment cause of action. (*See Navin v Mosquera,* 26 AD3d at 557-558; *B.J. 96 Corp. v Mester,* 222 AD2d 798, 800 [1995]; *Will v Gates,* 254 AD2d 275, 276 [1998]).

The Supreme Court erred, however, in granting that branch of Disick's motion which was for summary judgment dismissing the cause of action alleging that her easement in the disputed portion was extinguished by adverse possession. Specifically, the Supreme Court erred in holding that, as the title owner of the disputed portion, the Janoffs could not assert a claim for adverse possession (*see Spiegel v Ferraro,* 73 NY2d 622, 625 [1989]). Moreover, neither the Janoffs nor Disick were entitled to summary judgment on the cause of action alleging adverse possession. A party seeking to extinguish an easement by adverse possession must establish "that the use of the easement has been adverse to the owner of the easement, under a claim of right, open and notorious, exclusive and continuous for a period of 10 years . . . Thus 'an easement may be lost by adverse possession if the owner or possessor of the servient estate claims to own it free from the private right of another, and excludes the owner of the easement, who acquiesces in the exclusion for [the prescriptive period]' " (*Spiegel v Ferraro,* 73 NY2d at 625-626, quoting *Woodruff v Paddock,* 130 NY 618, 624 [1892] [citations omitted]). Here, there are triable issues of fact regarding the claim of adverse possession, including whether the Janoffs' possession was under a claim of right (*see Walling v Przybylo,* 7 NY3d 228, 230-233 [2006]; *Merget v Westbury Props, LLC,* 65 AD3d 1102 [2009]; *Beyer v Patierno,* 29 AD3d 613, 615 [2006]), or was with Disick's permission (*see Goldschmidt v Ford St.,*

*LLC,* 58 AD3d 803, 805 [2009]; *Orsetti v Orsetti,* 6 AD3d 683, 684 [2004]; *Solow v Liebman,* 253 AD2d 808, 809 [1998]).

As to the order dated October 7, 2008, we agree with the Supreme Court that Disick's proposed placement of the fence was reasonable and there is no basis upon which the Janoffs could reasonably withhold their consent to erection of the fence. Inasmuch as the Janoffs' first cause of action, inter alia, sought a judgment declaring the rights of the parties, we remit the matter for further proceedings on the second cause of action and, if it is determined that adverse possession does not apply here, for the entry of a judgment declaring that the Janoffs' withholding of their consent to the erection of the split-rail fence in the location proposed by Disick is unreasonable (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]; *Willsey v Gjuraj,* 65 AD3d 1228 [2009]).

The Janoffs' remaining contentions either are without merit or need not be addressed in light of the foregoing determinations. Mastro, J.P., Fisher, Angiolillo and Leventhal, JJ., concur.