■ RAYMOND G. DUTCHER JR. et al., Respondents, v EDITH E. HOCKIN ALLEN, Appellant. [941 NYS2d 323]—

Stein, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered January 27, 2011 in Saratoga County, which denied defendant's cross motion for summary judgment dismissing the complaint.

Plaintiffs and defendant own adjacent parcels of land (hereinafter lot 8 and lot 7, respectively). Defendant obtained lot 7 in 1989 by deed from her parents, who had purchased the lot from Florence Holton in 1938. In the 1938 conveyance, Holton "reserve[d] the right to the westerly twenty-five (25) feet of said [lot 7] as a roadway from the unnamed road on North to [lot 8]." The deed further specified that the roadway (hereinafter the right-of-way) was to be used for ingress and egress only. The same right-of-way is contained in defendant's deed.

It is undisputed that defendant has maintained obstructions—including, among other things, a retaining wall, stairs and an overhanging deck—within a portion of the 25-foot right-of-way. In 2005, plaintiffs commenced this action seeking to permanently enjoin and restrain defendant from interfering with plaintiffs' free use of the right-of-way. In their complaint, plaintiffs sought, as relevant here, a declaration establishing their interest in the right-of-way, money damages for defendant's trespass thereon and a permanent injunction restraining defendant from, among other things, interfering with the use of the right-of-way, placing any obstruction within its bounds and building or maintaining any structure or improvement thereon. In her answer, defendant asserted various affirmative defenses including, among others, extinguishment of the easement by abandonment and/or adverse possession, and interposed a counterclaim seeking an injunction preventing plaintiffs from using any portion of the right-of-way. Defendant also crossmoved for summary judgment determining the parties' rights with respect to the right-of-way.

In a 2005 order referring to plaintiffs' order to show cause and to defendant's cross motion, Supreme Court found that an easement appurtenant was created by Holton and that it ran with the land. The court, therefore, enjoined defendant from parking vehicles on the right-of-way, interfering with plaintiffs' use of the right-of-way and placing any obstruction within the bounds of the right-of-way. The court also denied defendant's cross motion for summary judgment. Defendant did not appeal from that order. Thereafter, in 2007, plaintiffs moved for an order of contempt based upon defendant's failure to remove the obstructions from the right-of-way pursuant to the 2005 order. Defendant cross-moved for summary judgment on her abandon-

ment and/or adverse possession affirmative defenses as to a portion of the right-of-way, and such cross motion was denied.[1] This appeal by defendant ensued.

We agree with Supreme Court's determination that defendant was not entitled to summary judgment. As to defendant's claim that at least a portion of plaintiffs' easement was extinguished, it is well settled that an easement burdening land continues to pass with the dominant estate unless extinguished by, among other things, abandonment or adverse possession (*see Will v Gates*, 89 NY2d 778, 784 [1997]; *Gerbig v Zumpano*, 7 NY2d 327, 330 [1960]; *Janoff v Disick*, 66 AD3d 963, 967 [2009]; *Arthur J. Quesnel Family Trust v Harstedt*, 285 AD2d 704, 705 [2001]). Nonuse, alone, does not constitute abandonment; the party asserting abandonment must show an intention to abandon the easement, as demonstrated by an overt act or failure to act that implies that the owner does not claim any interest in the easement (*see Janoff v Disick*, 66 AD3d at 966; *Gold v Di Cerbo*, 41 AD3d 1051, 1053 [2007], *lv denied* 9 NY3d 811 [2007]). Under long recognized rules, "in order to extinguish an easement by adverse possession, a party is required to 'establish that the use of the easement has been adverse to the owner of the easement, under a claim of right, open and notorious, exclusive and continuous for a period of 10 years' " (*Gold v Di Cerbo*, 41 AD3d at 1054, quoting *Spiegel v Ferraro*, 73 NY2d 622, 625 [1989]; *see Zeledon v MacGillivray*, 263 AD2d 904, 905 [1999]).

Here, even assuming that defendant met her initial burden of demonstrating either plaintiffs' abandonment of a portion of the right-of-way or defendant's adverse possession thereof, plaintiffs have raised material questions of fact that preclude an award of summary judgment. It is undisputed that plaintiffs and their lessees have regularly used a portion of the right-of-way as a means of ingress and egress. Although defendant offered some evidence that a stone retaining wall was installed in the 1950s which rendered at least a 10 to 15-foot portion of the right-of-way unusable for ingress or egress by motor vehicle, plaintiffs alleged that it was not until defendant constructed a wooden retaining wall in or about 2004 that a portion of the right-of-way became unusable. Likewise, plaintiffs alleged that defendant's deck and stairs did not significantly obstruct the right-of-way until defendant extended the deck in 2004. This action was commenced in 2005. Accordingly, questions of fact

---

1. Plaintiffs' contempt motion was not addressed in the order now on appeal, and the record before us does not indicate whether any determination has been made thereon.

remain that prevent a finding, as a matter of law, that any portion of plaintiffs' easement was extinguished by either abandonment or adverse possession.

Defendant also argues that the 2005 order constituted a preliminary injunction and, therefore, plaintiffs should have been required to post an undertaking during the pendency of this action (*see* CPLR 6312 [b]; *Marietta Corp. v Pacific Direct, Inc.*, 9 AD3d 815, 818 [2004]). Indeed, much of the parties' arguments on appeal revolve around the issue ˙of whether the 2005 order constituted a temporary injunction or a permanent injunction.[2] It appears that this action was commenced simultaneously with an order to show cause which, in turn, was based upon the affidavit of plaintiff Raymond G. Dutcher Jr., as well as the summons and complaint, with annexed exhibits. The order to show cause—which contained a temporary restraining order and was ultimately signed by Supreme Court—indicates that a permanent injunction was sought and Dutcher's affidavit states that it is in support of plaintiffs' application for an order to show cause and a temporary restraining order. The order to show cause did not specifically indicate that plaintiffs were seeking summary judgment and, given the very preliminary stage of the action, defendant apparently believed that it only sought relief during the pendency of the action and, accordingly, that the 2005 order was intended to be interlocutory.

Under all of the circumstances, Supreme Court would have had the authority to grant summary judgment in favor of plaintiffs in the form of a permanent injunction, without the necessity of a motion by plaintiffs explicitly requesting such relief (*see* CPLR 3212 [b]; *Brighton Inv., Ltd. v Har-Zvi*, 88

---

**2.** They also argue about whether the 2005 order required defendant to remove the existing encroachments or simply required her to forebear from creating future obstructions. Notwithstanding defendant's failure to appeal the 2005 order, we must necessarily review the parties' contentions in this regard in light of defendant's challenge to the language in the 2011 decision and order indicating that "[d]efendant was ordered to remove the objects that obstruct the plaintiffs' easement in 2005 by this court." The 2005 order enjoined defendant from "parking vehicles in the right-of-way, interfering with . . . plaintiffs' use of the right[-]of[-]way, and placing any obstruction, barricade, cinder block or any other item within the bounds of the right-of-way." In our view, that language cannot reasonably be interpreted as directing defendant to remove the existing deck or other encroachments on the right-of-way, and Supreme Court's dictum in its 2011 order cannot alter that result (*see generally* 28 NY Jur 2d, Courts and Judges § 213). This view is supported by the language of a November 2008 order amending the 2005 order, in which Supreme Court stated that "plaintiff[s'] claim seeking the removal of defendant's property from any part of the twenty-five (25) foot right[-]of[-]way shall be reserved pending decision on plaintiffs' motion for contempt and defendant's cross-motion for summary judgment."

AD3d 1220, 1224 [2011]; *compare Moore v Ruback's Grove Campers' Assn., Inc.*, 85 AD3d 1220, 1221 [2011]), despite the fact that a permanent injunction is typically granted only after trial (*see Moore v Ruback's Grove Campers' Assn., Inc.*, 85 AD3d at 1221; *Ryan v McLean*, 209 AD2d 913, 914 [1994]). Nonetheless, Supreme Court did not articulate that it "searched the record" (*Brighton Inv., Ltd. v Har-Zvi*, 88 AD3d at 1224; *see Dickson v Slezak*, 73 AD3d 1249, 1250 n 3 [2010]; *see also* CPLR 3212 [b]) or otherwise indicate its intentions as to the duration of the 2005 order. However, the language of the November 2008 order reserving determination of plaintiffs' request for a direction that defendant remove certain encroachments from the right-of-way made clear that the 2005 order was not intended to be a permanent injunction. Thus, Supreme Court should have required plaintiffs to post an undertaking, and this matter must be remitted to Supreme Court so that it may fix the amount thereof, nunc pro tunc, and plaintiffs may post such undertaking (*see Confidential Brokerage Servs., Inc. v Confidential Planning Corp.*, 85 AD3d 1268, 1270 [2011]; *Putter v Singer*, 73 AD3d 1147, 1149 [2010]), as well as for any other appropriate further proceedings.

Peters, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as found that defendant was previously ordered to remove certain objects that obstruct plaintiffs' easement and by adding a provision thereto that plaintiffs shall post an undertaking as provided in CPLR 6312 (b); matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.