Carp v Shapiro (2025 NY Slip Op 03300)

Carp v Shapiro

2025 NY Slip Op 03300

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LILLIAN WAN
PHILLIP HOM, JJ.

2023-12516
 (Index No. 152134/21)

[*1]Bernard Carp, et al., appellants, 
v
Ursula Shapiro, respondent.

Gaines & Fishler, LLP, Staten Island, NY (Jesse David Eisenberg of counsel), for appellants.
Howard M. File, Esq., P.C., Staten Island, NY, for respondent.

DECISION & ORDER
In an action for a judgment declaring that the defendant's easement over a shared driveway was extinguished by abandonment, the plaintiffs appeal from an order of the Supreme Court, Richmond County (Catherine DiDomenico, J.), dated October 3, 2023. The order granted the defendant's motion for summary judgment, in effect, declaring that her easement over the shared driveway was not extinguished by abandonment and denied the plaintiffs' cross-motion for summary judgment declaring that the defendant's easement over the shared driveway was extinguished by abandonment.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Richmond County, for the entry of a judgment, inter alia, declaring that the defendant's easement over a shared driveway was not extinguished by abandonment.
Pursuant to an easement recorded in 1926, the owners of neighboring residential premises, located in Staten Island at 205 and 207 Oakwood Avenue, share a mutual driveway between the two premises "with the right at all times to pass and repass on foot or vehicles over such right-of-way to and from the rear of said respective premises." Since 1965, when the defendant became the owner of the premises located at 205 Oakwood Avenue, she and her family used the easement to access the rear entrance of that premises and a fenced and gated backyard containing a garden. The fence, gate, and garden existed when the defendant bought the premises.
Since 2003, when the plaintiffs became the owners of the neighboring premises located at 207 Oakwood Avenue, the defendant's fence, gate, and garden remained in the same location. Since 2003, the plaintiff Lillian Wentworth Carp has continually used the easement to drive her vehicle to and from the one-car garage behind 207 Oakwood Avenue.
The plaintiffs commenced this action for a judgment declaring that the defendant's easement over the shared driveway was extinguished by abandonment. The defendant moved for summary judgment, in effect, declaring that her easement over the shared driveway was not extinguished by abandonment. The plaintiffs cross-moved for summary judgment declaring that the easement was extinguished by abandonment. By order dated October 3, 2023, the Supreme Court granted the defendant's motion and denied the plaintiffs' cross-motion. The plaintiffs appeal.
"An express grant of easement, such as the one in this case, is not extinguished merely because the necessity for the easement ceases, or through mere nonuse" (Spier v Horowitz, 16 AD3d 400, 401; see Gerbig v Zumpano, 7 NY2d 327, 330; Janoff v Disick, 66 AD3d 963, 966). Rather, once an easement is created by grant, it can only be extinguished by abandonment, conveyance, condemnation, or adverse possession (see Gerbig v Zumpano, 7 NY2d at 330; Rosen v Mosby, 148 AD3d 1228, 1232; Spier v Horowitz, 16 AD3d at 401). "[T]o prove an abandonment it is necessary to establish both an intention to abandon and also some overt act or failure to act which carries the implication that the owner neither claims nor retains any interest in the easement" (Gerbig v Zumpano, 7 NY2d at 331; see Boerum Johnson, LLC v Marte, 220 AD3d 636, 638). "The acts relied upon must be unequivocal, and must clearly demonstrate the owner's intention to permanently relinquish all rights to the easement" (Consol. Rail Corp. v MASP Equip. Corp., 67 NY2d 35, 40; see Janoff v Disick, 66 AD3d at 966).
Here, inasmuch as the record contains no evidence that the defendant intended to abandon the easement, the Supreme Court properly granted the defendant's motion for summary judgment, in effect, declaring that her easement was not extinguished by abandonment (see Janoff v Disick, 66 AD3d at 966) and denied the plaintiff's cross-motion for summary judgment declaring that the easement was extinguished by abandonment.
Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Richmond County, for the entry of a judgment, inter alia, declaring that the defendant's easement over the shared driveway was not extinguished by abandonment (see Lanza v Wagner, 11 NY2d 317, 334).
DILLON, J.P., MILLER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court