Board of Mgrs. of the 190 Meserole Ave. Condominium v Board of Mgrs. of the 188 Meserole Ave. Condominium (2021 NY Slip Op 00541)





Board of Mgrs. of the 190 Meserole Ave. Condominium v Board of Mgrs. of the 188 Meserole Ave. Condominium


2021 NY Slip Op 00541


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-06315
 (Index No. 500555/13)

[*1]Board of Managers of the 190 Meserole Avenue Condominium, et al., respondents, 
v
Board of Managers of the 188 Meserole Avenue Condominium, defendant, Board of Managers of the 175 Diamond Street Condominium, et al., appellants.


Sahn Ward Coschignano, PLLC, Uniondale, NY (Christian Browne and Joseph R. Bjarnson of counsel), for appellants Board of Managers of the 175 Diamond Street Condominium, Robert Kulczynski, Ednyta Kulczynski, Justin Gonzalez, Helena Czajowska, Peter G. Stork, Terrie L. Stork, Gerald T. Rustic, Laura J. Hum, Branimir A. Rakuljic, Philip Giarrafa, and Monica Barquin.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Brooklyn, NY (Andrea J. Caruso and Mark Caruso of counsel), for appellants Andrzej M. Paczek and Agnieszka M. Paczek.
Lester Bleckner & Shaw LLP, New York, NY (Martin Shaw of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiffs have an easement by grant over property owned by the defendants, the defendants Andrzej M. Paczek and Agnieszka M. Paczek appeal, and the defendants Board of Managers of the 175 Diamond Street Condominium, Robert Kulczynski, Ednyta Kulczynski, Justin Gonzalez, Helena Czajowska, Peter G. Stork, Terrie L. Stork, Gerald T. Rustic, Laura J. Hum, Branimir A. Rakuljic, Philip Giarrafa, and Monica Barquin separately appeal, from an order of the Supreme Court, Kings County (Johnny Lee Baynes, J.), dated March 29, 2018. The order, insofar as appealed from by the defendants Andrzej M. Paczek and Agnieszka M. Paczek, denied their motion for summary judgment dismissing the complaint insofar as asserted against them and granted those branches of the plaintiffs' cross motion which were for summary judgment on the issue of liability on the complaint insofar as asserted against them. The order, insofar as appealed from by the defendants Board of Managers of the 175 Diamond Street Condominium, Robert Kulczynski, Ednyta Kulczynski, Justin Gonzalez, Helena Czajowska, Peter G. Stork, Terrie L. Stork, Gerald T. Rustic, Laura J. Hum, Branimir A. Rakuljic, Philip Giarrafa, and Monica Barquin, denied their renewed motion for summary judgment dismissing the complaint insofar as asserted against them and granted those branches of the plaintiffs' cross motion which were for summary judgment on the issue of liability on the complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provisions thereof [*2]granting those branches of the plaintiffs' cross motion which were for summary judgment on the issue of liability on the complaint insofar as asserted against the appellants, and substituting therefor a provision denying those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
Three attached condominium buildings located at 175 Diamond Street, 188 Meserole Avenue, and 190 Meserole Avenue, in Brooklyn, were built by three sponsor entities with the same principal. Only the building at 175 Diamond Street had access to the street. Prior to constructing the buildings, the sponsors entered into a Driveway Agreement, which was deemed to be a covenant running with the land and binding on successors. The Driveway Agreement created an easement over a 12-foot wide strip of land on the 175 Diamond property and the adjacent 190 Meserole property, for vehicular and pedestrian ingress and egress. It was contemplated that a driveway connecting the 175 Diamond Street property to the street would be extended to 190 Meserole Avenue, and further to 188 Meserole Avenue, which was adjacent to the 190 Meserole Avenue property, thus allowing those latter properties access to the street. However, the sponsors never extended the driveway as contemplated, and instead created rear yards with landscaping on the 190 and 188 Meserole Avenue properties, separated by fences.
The defendants Andrzej M. Paczek and Agnieszka M. Paczek purchased the condominium unit on the ground floor of 175 Diamond Street and placed a gate between the driveway and the street. The deed to the Paczek unit incorporates the metes and bounds description of the easement area set forth in the Driveway Agreement. The ground floor unit at 190 Meserole Avenue was purchased by a nonparty. The plaintiffs Sean Merriam and Melissa Merriam purchased the ground floor unit of 188 Meserole and thereafter requested that the Paczeks provide access to the easement area so that they could extend the driveway on 175 Diamond Street over the 190 Meserole property and onto their property. However, access was never provided.
The Merriams and the plaintiff Board of Managers of the 190 Meserole Avenue Condominium subsequently commenced this action against, among others, the Paczeks, the Board of Managers of the 175 Diamond Street Condominium (hereinafter the Board), and the other owners of the remaining units in 175 Diamond Street (hereinafter, together with the Board, the 175 Diamond Street defendants). The plaintiffs sought, inter alia, declaratory and injunctive relief related to their use of the easement as well as damages for breach of the Driveway Agreement.
Following discovery, the 175 Diamond Street defendants made a renewed motion for summary judgment dismissing the complaint insofar as asserted against them, and the Paczeks separately moved for summary judgment dismissing the complaint insofar as asserted against them. The plaintiffs cross-moved, inter alia, for summary judgment on the issue of liability on the complaint insofar as asserted against the Paczeks and the 175 Diamond Street defendants. By order dated March 29, 2018, the Supreme Court, inter alia, granted those branches of the plaintiffs' cross motion and denied the motions of the 175 Diamond Street defendants and the Paczeks. The 175 Diamond Street defendants and the Paczeks separately appeal.
Contrary to the Supreme Court's conclusion, the plaintiffs failed to eliminate triable issues of fact as to whether the driveway easement remained viable and had not been abandoned. An easement created by grant may be lost by abandonment (see Consolidated Rail Corp. v MASP Equip. Corp., 67 NY2d 35, 39). Abandonment results from "nonuse accompanied by an intention to abandon on the part of the owner" (id. at 39). Such intention must be proven through clear and convincing evidence and "[t]he acts relied upon must be unequivocal, and . . . clearly demonstrate the owner's intention to permanently relinquish all rights to the easement" (id. at 40; see Janoff v Disick, 66 AD3d 963, 966). Nonuse of the easement alone is insufficient to constitute abandonment (see Consolidated Rail Corp. v MASP Equip. Corp., 67 NY2d at 39; Janoff v Disick, 66 AD3d at 966).
Here, the declaration of condominium ownership and the Paczeks' deed expressly provided for the easement. However, the principal of the condominium sponsors testified at his depostion that the plan to construct a driveway on the 188 and 190 Meserole Avenue properties had [*3]been discarded due to infeasibility, and instead, rear yards separated by fences had been constructed, and the ground floor units sold as garden apartments. Under these circumstances, triable issues of fact existed as to whether the easement granted by the Driveway Agreement was lost due to abandonment. Accordingly, those branches of the plaintiffs' cross motion which were for summary judgment on the issue of liability on the complaint insofar as asserted against the Pazceks and the 175 Diamond Street defendants should have been denied. For the same reason, the Pazceks' motion for summary judgment dismissing the complaint insofar as asserted against them, on the ground that the easement had been abandoned, was properly denied.
The 175 Diamond Street defendants also failed to demonstrate their entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them. Contrary to those defendants' contention that the easement merely affected property owned and controlled exclusively by the Paczeks, the condominium documents, including the declaration, demonstrated that the easement area was a "common element"—defined to include both general and limited common elements—which was subject to collective ownership, administered by the Board (see Real Property Law §§ 339-e[5]; 339-g; Jerdonek v 41 W. 72 LLC, 143 AD3d 43, 47). The condominium documents further demonstrate that, while the easement area was a limited common element designated for exclusive use by the owner of the Paczeks' unit, the Board retained authority to enter the easement area for the purposes of inspection, repair, structural replacements, and removal of violations, among other things (see Real Property Law § 339-i[5]). Under these circumstances, the 175 Diamond Street defendants' renewed motion for summary judgment dismissing the complaint insofar as asserted against them was properly denied.
CHAMBERS, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court