Gale v Town of Wilton (2021 NY Slip Op 06735)





Gale v Town of Wilton


2021 NY Slip Op 06735


Decided on December 2, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 2, 2021

532208
[*1]Shelley B. Gale et al., Appellants,
v
Town of Wilton, Respondent.

Calendar Date:October 14, 2021

Before:Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and Colangelo, JJ. 

Shelley B. Gale and Rocco R. Guaricci, Gansevoort, appellants pro se.
Miller, Mannix, Schachner & Hafner, LLC, Glens Falls (Leah Everhart of counsel), for respondent.



Aarons, J.
Appeal from an order of the Supreme Court (Freestone, J.), entered September 1, 2020 in Saratoga County, which, among other things, denied plaintiffs' motion for summary judgment.
In 2009, defendant was granted a permanent easement on a property so that a walking and recreational trail could be built thereon. The easement was recorded in 2010. All plots of land subject to this easement were required to place a provision in their deeds that the easement area was a "no cut" area. The land was subsequently subdivided and, in 2018, plaintiffs subsequently took title of a subdivided lot from a developer, who had obtained the land from the individuals who granted defendant the subject easement. The deed transferring ownership to plaintiffs did not mention the easement or the "no cut" provision.
After plaintiffs learned of plans to construct a trail over the easement, they commenced this action under RPAPL 1951 to quiet title and extinguish the easement. Defendant joined issue and asserted a counterclaim to quiet title in its favor and a counterclaim for a declaration that it had an enforceable easement. Following plaintiffs' service of an answer to defendant's counterclaims, plaintiffs moved for, among other things, summary judgment on their claim, and defendant cross-moved for, among other things, summary judgment on its counterclaims. Supreme Court denied plaintiffs' motion and granted defendant's cross motion. This appeal by plaintiffs ensued. We affirm.
Plaintiffs' reliance on RPAPL 1951 is unavailing given that it applies to restrictive covenants or negative easements. A negative easement is one that "restrain[s] servient landowners from making otherwise lawful uses of their property" (Witter v Taggart, 78 NY2d 234, 237 [1991]). Defendant was given an easement "for necessary trail construction, maintenance, [and] trail signage . . . for the use by residents of [defendant]
. . . and others as a recreational walking trail." As Supreme Court found, the subject easement was an affirmative easement because it forced plaintiffs to permit defendant to construct and maintain a walking trail. Accordingly, RPAPL 1951 does not apply.[FN1]
Plaintiffs argue that they lacked notice of the easement because it was not referenced in their deed. Notwithstanding the fact that the deed did not mention the easement, "[a] grantee of land takes title subject to duly recorded easements that have been granted by his or her predecessors-in-title" (Rensselaer Polytechnic Inst. v Schubert, 170 AD3d 1307, 1312 [2019] [internal quotation marks and citation omitted]). The record discloses that the easement was duly recorded in 2010, prior to when plaintiffs took title of the property. In view of this recording, plaintiffs had notice of the easement (see Zunno v Kiernan, 170 AD2d 795, 796 [1991]).
Regarding plaintiffs' abandonment claim, plaintiffs bore the burden of showing that defendant did not use the easement and that defendant intended to abandon it[*2](see Gerbig v Zumpano, 7 NY2d 327, 330-331 [1960]; Ferguson v Hart, 151 AD3d 1242, 1243 [2017]). "The nonuse of an easement, even of substantial duration, will not establish a claim for abandonment and acts evincing an intention to abandon must be unequivocal" (Gold v Di Cerbo, 41 AD3d 1051, 1053 [2007] [internal quotation marks and citations omitted], lv denied 9 NY3d 811 [2007]). According to plaintiffs, defendant abandoned the easement by permitting development and deforestation on the property and by no longer pursuing the plan for a recreational trail. The record, however, belies this contention and reflects that any such development of the land was conditioned on the existence of the easement for trail purposes. As such, plaintiffs failed to establish that defendant abandoned the easement.
Based on the foregoing, Supreme Court did not err in denying plaintiffs' motion. Furthermore, in view of the valid easement in favor of defendant, Supreme Court correctly granted defendant's cross motion. Plaintiffs' remaining contentions, to the extent not specifically discussed herein, have been considered and are without merit.
Garry, P.J., Egan Jr., Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Even if we agreed with plaintiffs that the easement was a negative easement due to the "no cut" language therein, thereby making RPAPL 1951 applicable, plaintiffs still failed to carry their burden of showing that defendant derived "no actual and substantial benefit" from the restrictions in the easement (RPAPL 1951 [2]; see Smith v Sheppard, 301 AD2d 913, 914-915 [2003]; Deak v Heathcote Assn., 191 AD2d 671, 672-673 [1993]).