Fenton v Floce Holdings, LLC (2024 NY Slip Op 04063)

Fenton v Floce Holdings, LLC

2024 NY Slip Op 04063

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2023-00259
2023-05451
 (Index No. 616053/21)

[*1]Jeremy Stuart Fenton, appellant, 
v
Floce Holdings, LLC, respondent, et al., defendant.

Weber Law Group LLP, Melville, NY (Jaret S. Weber of counsel), for appellant.
Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale, NY (Jeffrey A. Miller of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that an easement over a certain portion of real property is invalid, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered November 30, 2022, and (2) an order of the same court dated May 19, 2023. The order entered November 30, 2022, (1) denied the plaintiff's motion for a preliminary injunction, (2) granted the motion of the defendant Floce Holdings, LLC, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it, and (3) denied the plaintiff's cross-motion for leave to amend the complaint. The order dated May 19, 2023, denied the plaintiff's motion for leave to reargue his prior motion for a preliminary injunction and prior cross-motion for leave to amend the complaint and his opposition to the prior motion of the defendant Floce Holdings, LLC, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it or, in the alternative, to resettle the order entered November 30, 2022.
ORDERED that the appeal from the order dated May 19, 2023, is dismissed, as no appeal lies from an order denying reargument, or from an order denying resettlement of the substantive or decretal portions of a prior order or judgment; and it is further,
ORDERED that the order entered November 30, 2022, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Floce Holdings, LLC.
The plaintiff and the defendant Floce Holdings, LLC (hereinafter the defendant), are owners of adjoining parcels of real property located in Long Beach. In December 2021, the plaintiff commenced the instant action, alleging, inter alia, that a 1986 judgment granting an easement over the northeastern corner of his property was improperly recorded and was, therefore, invalid. The plaintiff also alleged that the easement had been abandoned.
Thereafter, the plaintiff moved for a preliminary injunction enjoining the defendant from utilizing any portion of the plaintiff's property. Subsequently, the defendant moved pursuant to CPLR 3211(a) to dismiss the complaint. The plaintiff then cross-moved for leave to amend the complaint. In an order entered November 30, 2022, the Supreme Court denied the plaintiff's motion [*2]for a preliminary injunction, granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it, and denied the plaintiff's cross-motion for leave to amend the complaint. The plaintiff appeals.
"Under CPLR 3211(a)(1), a dismissal is warranted only if the documentary evidence utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Arco Acquisitions, LLC v Tiffany Plaza, LLC, 224 AD3d 798, 799 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 88). "Thus, the defendant bears the burden of demonstrating that the proffered documentary evidence conclusively refutes the plaintiff's factual allegations" (Arco Acquisitions, LLC v Tiffany Plaza, LLC, 224 AD3d at 799 [internal quotation marks omitted]).
Further, "[o]n a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (98 Gates Ave. Corp v Bryan, 225 AD3d 647, 648 [internal quotation marks omitted]; see Paden v Brooklyn Museum of Arts, 226 AD3d 920). "However, bare legal conclusions and factual claims which are flatly contradicted by the record are not presumed to be true" (98 Gates Ave. Corp v Bryan, 225 AD3d at 648 [internal quotation marks omitted]). Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Agai v Liberty Mut. Agency Corp., 118 AD3d 830, 832; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275).
Here, the first, second, sixth, and seventh causes of action alleged that the 1986 judgment was improperly recorded and that the easement was, therefore, forfeited by the defendant. The third and eighth causes of action sought a declaration that the easement was invalid because the 1986 judgment allegedly was not submitted within 10 days of a certain memorandum decision. No plenary action lies to vacate the judgment (see James v Shave, 62 NY2d 712, 714; Matter of Calabrese Bakeries, Inc. v Rockland Bakery, Inc., 83 AD3d 1060, 1061). Relief under CPLR 5015(a) must be sought by a motion in the court that rendered the challenged judgment (see id.; James v Shave, 62 NY2d at 714).
The fourth and ninth causes of action alleged that the easement was abandoned since the subject lots remained vacant and unused. "In order to prove an abandonment it is necessary to establish both an intention to abandon and also some overt act or failure to act which carries the implication that the owner neither claims nor retains any interest in the easement" (Boerum Johnson, LLC v Marte, 220 AD3d 636, 638 [internal quotation marks omitted]). Therefore, "abandonment does not result from nonuse alone, no matter how long, inasmuch as owners are not required to make use of their property" (Janoff v Disick, 66 AD3d 963, 966; see Board of Mgrs. of the 190 Meserole Ave. Condominium v Board of Mgrs. of the 188 Meserole Ave. Condominium, 191 AD3d 629, 631).
Here, the plaintiff failed to sufficiently allege that the defendant "inten[ded] to permanently relinquish all rights to the easement" (Board of Mgrs. of the 190 Meserole Ave. Condominium v Board of Mgrs. of the 188 Meserole Ave. Condominium, 191 AD3d at 631; see Cragnolin v Gallagher, 69 AD3d 554, 556). The alleged nonuse of the property, standing alone, would be insufficient to constitute the abandonment of the easement (see Janoff v Disick, 66 AD3d at 966).
The fifth cause of action sought a declaration that the easement was unenforceable pursuant to RPAPL 1951. RPAPL 1951 provides that "[n]o restriction on the use of land created at any time by covenant, promise or negative easement . . . shall be . . . determined to be enforceable, if, at the time the enforceability of the restriction is brought in question, it appears that the restriction is of no actual and substantial benefit to the persons seeking its enforcement or seeking a declaration [*3]or determination of its enforceability." Here, the defendant demonstrated that RPAPL 1951 does not apply because the easement is an affirmative easement, rather than a covenant, promise, or negative easement (see Gale v Town of Wilton, 200 AD3d 1168).
The tenth cause of action sought injunctive relief precluding the defendant from using any portion of the plaintiff's property. "To sufficiently plead a cause of action for a permanent injunction, a plaintiff must allege that there was a violation of a right presently occurring, or threatened and imminent, that he or she has no adequate remedy at law, that serious and irreparable harm will result absent the injunction, and that the equities are balanced in his or her favor" (Hogue v Village of Dering Harbor, 199 AD3d 900, 902-903 [internal quotation marks omitted]). "[I]njunctive relief is simply not available when the plaintiff does not have any . . . substantive cause of action against [the] defendants" (Matter of Harper v Neary, 225 AD3d 595, 595 [internal quotation marks omitted]). Here, the complaint did not adequately allege any substantive causes of action against the defendants.
Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
The Supreme Court also providently exercised its discretion in denying the plaintiff's cross-motion for leave to amend the complaint. "In the absence of prejudice or surprise resulting directly from the delay in seeking leave, applications to amend or supplement a pleading are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (US Bank N.A. v Murillo, 171 AD3d 984, 985 [internal quotation marks omitted]; see Alsaidi v Alsaede, 227 AD3d 643, 645; Bhatara v Kolaj, 222 AD3d 926, 929). "A determination whether to grant such leave is within the Supreme Court's broad discretion, and the exercise of that discretion will not be lightly disturbed" (Bhatara v Kolaj, 222 AD3d at 929 [internal quotation marks omitted]; see Kyung Hee Moon v Owadeyah, 223 AD3d 793, 795).
Here, the proposed amended causes of action were palpably insufficient or patently devoid of merit and, therefore, the plaintiff's cross-motion was properly denied (see Kyung Hee Moon v Owadeyah, 223 AD3d at 795).
The parties' remaining contentions either have been rendered academic in light of our determination or are without merit.
BARROS, J.P., MALTESE, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court